# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**RUSSELL SLATER,**

       **Plaintiff,**

v.                                                   **Case No. 2:14-cv-20468**

**LIEUTENANT BINION, SERGEANT MIKE RANSON,
SERGEANT TERRY, CORRECTIONAL OFFICER PRICE,
and K. PERRY,**

       **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the defendants' Motion to Dismiss for Failure to Prosecute (ECF No. 18).

## PROCEDURAL HISTORY

On July 3, 2014, the plaintiff filed a Complaint (ECF No. 2), alleging various claims concerning his conditions of confinement at the South Central Regional Jail (the "SCRJ"), where he was then incarcerated. On July 8, 2014, the Clerk received a letter from the plaintiff inquiring as to the status of his case. (ECF No. 5). However, according to the defendants' motion, on October 22, 2014 (before the initial screening of this matter pursuant to 28 U.S.C. § 1915A had been completed), the plaintiff was released from

custody at the SCRJ, and he failed to notify the court of any updated contact information. (ECF No. 19 at 1). He has taken no further action at all in this matter.

On September 7, 2016, the undersigned granted the plaintiff's Application to Proceed Without Prepayment of Fees and Costs and ordered service of process on the defendants. On October 14, 2016, defendants Binion, Ranson and Terry filed an Answer to the Complaint (ECF No. 15). Defendants Price and Perry were not successfully served with process. (ECF Nos. 13 and 14).

On July 24, 2017, the defendants filed the instant Motion to Dismiss for Failure to Prosecute (ECF No. 18) and a Memorandum of Law in support thereof (ECF No. 19). The Memorandum of Law indicates that, according to West Virginia Regional Jail and Correctional Facility Authority records, since his release from the SCRJ on October 22, 2014, the plaintiff has been incarcerated on three other occasions and was most recently released on October 27, 2016. (ECF No. 19 at 1-2). The plaintiff has never updated the court with his address and has not even inquired about this matter since July of 2014 when he filed his Complaint. All mail sent to the plaintiff since that time has been returned to the Clerk of Court as undeliverable.

The defendants' motion asserts that the plaintiff has not complied with his duty to keep the court and the defendants informed of his contact information and has failed to engage in the prosecution of this matter, which has prejudiced the defendants' ability to defend against the same. Accordingly, the defendants request that this civil action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## **ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders.

*See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

It appears that the plaintiff no longer wishes to pursue this matter and he is largely responsible for the delay in its progress. The fact that his present whereabouts are unknown prejudices the ability to further litigate this matter. Thus, dismissal appears to be the only appropriate sanction. However, a dismissal without prejudice may be less drastic.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has wholly failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motion to Dismiss for Failure to Prosecute (ECF No. 18) and **DISMISS** this matter, without prejudice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

parties shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at his last known address and to transmit a copy to counsel of record.

October 4, 2017

Dwane L. Tinsley
United States Magistrate Judge